UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOHN and SHERALIN CARY,

        Plaintiffs,

v.

METLIFE HOME LOANS, et al.,

        Defendants.

3:10-CV-0547-LRH-RAM

ORDER

      Before the court is plaintiffs John and Sheralin Cary's ("the Carys") amended ex-parte motion for a temporary restraining order without notice to the defendant pursuant to Rule 65 of the Federal Rules of Civil Procedure. Doc. #8.[1]

      The Carys purchased real property through a loan with defendant MetLife Home Loans ("MetLife Home"). Doc. #1. MetLife Home allegedly initiated non-judicial foreclosure proceedings against the Carys for default on their mortgage obligations. *Id*. Subsequently, a Notice of Trustee's sale was recorded setting September 29 as the date for the sale.

      On September 8, 2010, the Carys filed a complaint alleging that MetLife Home did not have standing to initiate the non-judicial foreclosure proceedings. Doc. #1. Subsequently, the Carys filed an initial ex-parte motion for a temporary restraining order (Doc. #5) which the court denied

---

[1] Refers to the court's docket number.

for failure to comply with Rule 65 (Doc. #13). Thereafter, the Cary's filed the present amended ex-parte motion for a temporary restraining order. Doc. #8.

Pursuant to Rule 65, a court may issue a temporary restraining order without notice to the opposing party only if the party sets forth "specific facts in an affidavit or a verified complaint" that establish the likelihood of success on the merits. FED. R. CIV. P. 65(b)(1)(A). Here, the Carys failed to file either an affidavit or a verified complaint establishing the pertinent facts with their motion for a temporary restraining order. Thus, there is no evidence before the court to support their allegations that MetLife Home does not have standing as the lending party to initiate non-judicial foreclosure proceedings against them for failure to comply with their mortgage obligations. Further, there is no evidence that MetLife Home acted improperly in originating the loan and note. Accordingly, the court finds that the Carys have not established that they are likely to succeed on the merits of their complaint and are therefore not entitled to a temporary restraining order.

IT IS THEREFORE ORDERED that plaintiffs' motion for a temporary restraining order (Doc. #8) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 28th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2