**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN AND SHERALIN CARY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> METLIFE HOME LOANS, *et al.* ) <br> ) <br> Defendants. ) <br> _____ ) | 3:10-cv-547-RCJ-RAM <br><br> **ORDER** |

Currently before the Court is a Motion to Dismiss (#17) filed by Defendant MetLife Bank N.A. ("Metlife") on November 1, 2010. Defendant UTLS Default Services, LLC ("UTLS") filed a Joiner (#19) to the motion on November 1, 2010. Plaintiffs John and Sheralin Cary ("Plaintiffs") did not file an opposition or responsive pleading to the motion.

The Court heard oral argument on May 16, 2011. Plaintiffs did not appear.

**BACKGROUND**

Plaintiffs instituted this lawsuit as *pro se* litigants against Defendants MetLife and UTLS (collectively referred to herein as "Defendants") on September 8, 2010 via the filing of a document entitled "Original Petition." In their Original Petition, Plaintiffs claim that they "entered into a consumer contract for the refinance of a primary residence located at 5805 Ingleston Drive, Sparks, NV 89436." (Original Petition (#1) at 1). According to Plaintiffs, Defendants, "acting in concert and collusion with others, induced [Plaintiffs] to enter into a predatory loan agreement." *Id.* Plaintiffs also state that Defendants "committed numerous acts of fraud against [Plaintiffs] in furtherance of a carefully crafted scheme intended to

defraud [Plaintiffs]."[1] *Id.* In their Original Petition, Plaintiffs argue that the general state of the real estate industry is a "carefully crafted criminal connivance." *Id.* at 2. According to Plaintiffs, various entities, including MetLife, "swooped in and convinced Americans to sell their homes, get out of their safe mortgage agreements, and speculate with the equity they had gained by purchasing homes they could not afford." *Id.* at 3.

In their Original Petition, Plaintiffs include several causes of action including breach of fiduciary duty, negligence/negligence per se, fraud, breach of the implied covenant of good faith and fair dealing, violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and intentional infliction of emotional distress.

On September 22, 2010, Plaintiffs moved for a temporary restraining order. (Mot. for Temp. Restraining Order (#5)). The Court denied the motion on September 24, 2010. (Order (#6)). According to the Court, a temporary restraining order was improper because Plaintiffs failed to establish a likelihood of success on the merits. In addition, the Court noted that Plaintiffs had provided no evidence that MetLife acted improperly in the origination of the loan, or that MetLife lacked standing as the lending party to initiate non-judicial foreclosure proceedings against Plaintiffs.

On September 27, 2010, Plaintiffs filed an Amended Motion for Temporary Restraining Order (#8). Again the Court denied the motion on the grounds that Plaintiffs had "not established that they are likely to succeed on the merits of their complaint." (Order (#10) at 2).

Defendants have now filed a motion to dismiss the claims asserted against them.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading

---

[1] Plaintiffs provide no facts or documentary evidence regarding the origination of the loan on their property. Nor do Plaintiffs provide any allegations relating to MetLife and UTLS in regard to their specific property. Rather, it appears that Plaintiffs arguments are based on the mortgage industry as a whole, and the current real estate foreclosure crisis in general.

"does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise the right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed. 868 (2009)(internal quotation marks omitted). The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a [pleading] to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)(internal quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a court required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Id.* In a motion to dismiss, "[a] court may . . . consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## DISCUSSION

Defendants argue that dismissal is appropriate in this case because Plaintiffs fail to state any cognizable claims upon which relief can be granted and fail to plead their allegations of fraud with particularity. In this regard, Defendants state that Plaintiffs' Original Petition "does not contain a short and plain statement containing numbered paragraphs alleging the

3

claims asserted by the Plaintiffs and the relief requested." (Mot. to Dismiss (#17) at 2). Rather, Defendants state that it is "a free-form narrative document, lacking numbered paragraphs, and making numerous generalized allegations about the mortgage lending industry as a whole." *Id.*

The Court grants the motion to dismiss. As noted in the foregoing, Plaintiffs failed to file an opposition or responsive pleading to the motion. Under Local Rule 7-2(d), that failure constitutes a consent to the granting of the motion. In addition, the Original Petition fails to comply with Rule 8(a) and Rule 9(b). Rule 8(a) provides that a pleading "must contain" a "short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." Here, Plaintiffs allege a general conspiracy scheme against the entire lending and mortgage industry, but fail to assert any facts specifically against MetLife and UTLS. Thus, Plaintiffs' general averments do not provide a short and plain statement regarding their claims against the named Defendants. In addition, the general averments do not provide sufficient facts to support a cognizable legal theory against either MetLife or UTLS as required to survive a challenge brought pursuant to Rule 12(b)(6). Finally, Plaintiffs' Original Petition contains numerous assertions of fraud against the real estate industry. However, these allegations do not comply with the requirements of Rule 9(b), which provides that allegations of fraud be pled with particularity. Because Plaintiffs have not responded to the motion, the Court grants the motion to dismiss with prejudice.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss (#17) is GRANTED with prejudice in its entirety and the Clerk of the Court shall enter judgment accordingly.

DATED: This 1st day of June, 2011.

_____
United States District Judge